### THE QUEEN *vs.* HAUMEA.

EXCEPTIONS FROM FOURTH CIRCUIT COURT.

HEARING, JULY 16, 1891. DECISION, JULY 27, 1891.

JUDD, C.J., BICKERTON AND DOLE, JJ. MCCULLY, J., ABSENT.

On appeal to a jury from a conviction of horse stealing, and no specific charge asked for, the presumption is that the charge was the same as in the lower court.

Irregularities and harmless errors, where defendant's rights are not prejudiced, are not grounds for a new trial.

OPINION OF THE COURT, BY BICKERTON, J.

The defendant was tried at the last February term of the Fourth Judicial Circuit, being charged with larceny of a horse ; the jury returned a verdict of guilty ; a motion for new trial was filed, and now comes here to be heard. There is no bill of exceptions on file, so the matter rests simply on the grounds set out in the motion. First, " because the Court admitted testimony on the part of the prosecution to show the value of the animal alleged to have been stolen, there being no allegation of value, which was a necessary element in the charge, which was under a special statute, and not under the general law of larceny."

Second, " that the trial of the said case was illegal, because that one of the witnesses for the prosecution, Kalaluhi (k.),

was sworn and testified while one of the jurymen was absent from the jury box."

Third, "that the defendant since the said trial has discovered new, important and material evidence."

Fourth, "that there was misconduct on the part of the jury.'

Defendant was charged under the Act of 1876, Section 17, which provides a penalty for the larceny of cattle, horses, etc., not exceeding the value of one hundred dollars. This Act amends the Act of 1870, amending Section 17, Chapter 16 of the Penal. Code. We hold that it was not necessary to allege the value of the horse stolen; the fact that defendant was charged under this section was in itself an allegation that the value of the horse was not over one hundred dollars.

Where a specific charge was made in the lower court and defendant brings the case up by his appeal, the presumption is it is the same charge; the Court was right in allowing evidence as to the value (which was shown to be fifty dollars)—this brought the case within the law, under which the charge was made. We therefore overrule the first ground.

The second ground. The affidavit does not support the grounds taken. Counsel claims that the witness was sworn and testified during the absence of one of the jurors; the counsel's own affidavit says "the witness Kalaluhi (k) on the part of the prosecution was sworn, and the Court, by Chief Justice Judd, ordered the witness not to testify, as one of the jurymen was absent from the jury box." Even if this was so, could it be cortended that the defendant was thereby prejudiced in any way?

It is a general rule that a new trial will not be granted for an entirely harmless error. Motions for a new trial are addressed to the sound judicial discretion of the Court, and ought never to be granted except to subserve the purposes of substantial justice. Hilliard on New Trials, page 32. We also overrule this ground.

Third ground is supported by the affidavit of Mr. Rosa as to what a witness named Joe told him after the trial. There is a counter affidavit of the man Joe in which he denies the state-

ment of Mr. Rosa, and says "that all he knew about the case was what he had given in evidence before the court at the trial, and that that evidence was the truth." In the face of his former evidence and the affidavit, the man could not change his testimony, even if a new trial was granted. This ground is overruled.

Fourth ground is supported by the affidavit of one R. Gerke as to a conversation with Peter Nowlein, foreman of the jury. This is met by the counter affidavit of Peter Nowlein, in which he denies having had a conversation with Gerke, and denies everything contained in his (Gerke's) affidavit.

A new trial is refused and the motion denied.

*Attorney-General Whiting*, for the Crown.

*A. Rosa*, for the defendant.